UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH RAY PARRISH,

    Plaintiff,

v.        Case No. 09-C-456

WENDY NORBERG, *et al.,*

    Defendants.

**ORDER**

Plaintiff Kenneth R. Parrish, who is confined at the Wisconsin Resource Center ("WRC") under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980, has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated. More specifically, Parrish alleges that defendants denied him adequate treatment in order to punish him. (Compl. at 1.) Parrish's complaint suggests that the denial of adequate treatment was a result of his being suspected of defrauding or stealing from other patients at the Sand Ridge Secure Treatment Center, where he was confined prior to being transferred to the WRC on November 24, 2007.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. And because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act ("PLRA"), which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed an affidavit of indigence in support of his motion to proceed *in forma pauperis*. He states that he is not employed, has not received any income in the last twelve months, does not have bank accounts, real estate, securities or other valuable property. (Doc. # 2.) Conspicuously absent from the affidavit Parrish submitted, however, is any indication of what amount of money he may have in his patient account. In the complaint, Parrish alleges he received an inheritance of $50,000 upon the death of his mother, of which there is presently "just over $10,000 in my patient account." (Compl. at 4.) Parrish appears to allege in the complaint that he is being denied the use of the funds in his patient account based upon suspicions that he obtained the money illegally, even though no court has ordered a "freeze" of his account. The complaint goes on to claim that Parrish has been exonerated of the allegations, and a review of the Wisconsin Circuit Court Access webpage indicates that the three counts of fraudulent writings in violation of Wis. Stat. § 943.39(2) against Parrish were dismissed on April 23, 2009.[1]

Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, I have authority to order payment of a portion of the expense while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987). Here, I conclude that based upon Parrish's own complaint, he has at least $10,000 in his patient account, though he claims he does not have access

---

[1]*See* http://www.wcca.wicourts.gov, Juneau County Case Number 2009CF000039 (last visited May 7, 2009).

to these funds. Since the criminal charges against him were recently dismissed, it is unlikely that he is no longer permitted access to the account. Assuming this is the case, he is not a pauper for whom a waiver of even a portion of the filing fee would be appropriate.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff either pay the full filing fee of $350.00 within twenty-one (21) days of the date of this order or show cause why he is unable to pay the filing fee with the funds in his patient account. Failure to do so will result in dismissal of this matter.

**IT IS ALSO ORDERED** that copies of this order be sent to the director of WRC and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated this   7th   day of May, 2009.

>                    s/ William C. Griesbach
>                    William C. Griesbach
>                    United States District Judge