UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH RAY PARRISH,

        Plaintiff,

  v.                                      Case No. 09-C-456

WENDY NORBERG, *et al.,*

        Defendants.

**ORDER DENYING MOTION FOR RECONSIDERATION**

      Plaintiff Kenneth R. Parrish, a pro se § 1983 litigant residing under civil commitment at the Wisconsin Resource Center, sued various employees of Sand Ridge Secure Treatment Center, alleging he was denied adequate treatment in violation of his substantive due process rights. The Court granted defendants' motion for summary judgment and judgment was entered on March 9, 2010. On March 17, 2010, Parrish filed a motion to reconsider.

      A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp.

1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Parrish's motion for reconsideration contains no new evidence and points to no controlling law to call into question the propriety of the Court's entry of judgment in favor of the defendants. Much of the motion is incomprehensible and appears to be text lifted from other legal briefs or judicial decisions. For example, paragraph 13 discusses the standard by which decisions of the Court of Federal Claims are reviewed by the Federal Circuit. While Parrish appears to contend that granting summary judgment to five of the six defendants for lack of personal involvement was inappropriate, he provides no new evidence to support his assertion that they had they were personally involved in the alleged deprivation. Parrish also fails to point to any new evidence or controlling law to undermine the Court's grant of summary judgment to the remaining defendant on the basis that Parrish was not denied adequate treatment.

Accordingly, Parrish's motion for reconsideration is **DENIED**.

**SO ORDERED** this   19th   day of March, 2010.

 s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge